Robenzadeh Law, P.C.
Judith K. Robenzadeh, Esq (SBN# 305318)
324 S. Beverly Drive. #1211
Beverly Hills, CA 90212
310-666-4328 Telephone
Judith@robenzlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISCTRICT OF CALIFORNIA

| | |
|---|---|
| **ANTOINETTE HANSON,** | Case No. 2:24-cv-2534 |
| Plaintiff, | **COMPLAINT** |
| vs. | **(Amount to exceed $25,000.00)** |
| **MERRICK BANK CORPORATION; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC;** Does 1-10, inclusive, , Defendant. | 1. **FAIR CREDIT REPORTING ACT**<br>2. **CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT(RFDCPA)**<br>3. **CALIFORNIA IDENTITY THEFT LAW;**<br>4. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT( CA CCRAA)**<br><br>**JURY REQUESTED** |

## I. INTRODUCTION

1. Plaintiff ANTOINETTE HANSON ("Plaintiff") is a resident of Ventura County, State of California and a senior citizen.

2. Defendants EXPERIAN INFORMATION SOLUTIONS INC. ("EXPERIAN") and TRANS UNION LLC. ("TRANSUNION") are business entities doing business in the State of California as credit bureaus which receive credit information about consumers and then publish it in credit reports available to their subscribers.

3. Defendant MERRICK BANK CORPORATION ("MERRICK") is a creditor which, among other activities, furnishes information to credit bureaus and is a "furnisher" under the Fair Credit Reporting Act.

4. Defendants DOE 1-10 are individuals and business entities, form unknown, doing business in the State of California as credit reporting agencies, debt collection agencies, creditors, or other persons or entities which engage in credit reporting and/or debt collection. They have refused to delete accounts of Plaintiff that were procured through identity theft, mixed file, or other manner of recording an inaccurate credit account, even after Plaintiff has notified them of the false or inaccurate derogatory information, and also have reported such accounts as derogatory credit references to credit reporting agencies.

    a. Plaintiff is informed and believes and on that basis alleges that Defendants Doe 1 through 10, inclusive, are in some manner responsible for the acts, occurrences, and transactions as officers, directors, or managing agents of Defendants or as its agents, servants, employees, and/or joint venturers and as set forth in this complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

    b. Said Officers, directors, or managing agents of Defendants personally acted willfully with respect to the matters alleged in this complaint;

    c. Said officers, directors, or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees, and/or joint venturers of Defendants did so act;

    d. Said officers, directors, or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

    e. Said Officers, directors, or managing agents of Defendants personally had close supervision of their agents, servants, employees, and/or joint venturers of Defendants;

    f. Said Officers, directors, or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

g. Said Officers, directors, or managing agents of Defendants personally failed to investigate the circumstances pertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiff. Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees, and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees, and/or joint venturers of Defendants. Plaintiff will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

5. Plaintiff is informed and believes, and therefore alleges that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant, or employee of each other Defendant, and in acting as such within the course, scope, and authority of such relationship, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any future amended complaint. Further, Plaintiff alleges that each act alleged herein, whether by a named Defendant or fictitiously named Defendants or otherwise, was expressly authorized or ratified, as these terms are used in California Civil Code Section 3294(b), by each and every other Defendant herein, whether named or fictitiously named.

## FIRST CAUSE OF ACTION

**[VIOLATION OF THE FAIR CREDIT REPORTING ACT AGAINST, EXPERIAN, TRANS UNION, MERRICK, AND DOES 1-10 INCLUSIVE**

6. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

7. Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair Credit Reporting Act. All defendants named are "consumer reporting agencies" as that term is defined in 15 U.S.C. Section 1681a(f).

8. On or about October 1, 2023, Plaintiff discovered that EQUIFAX, EXPERIAN, and TRANS UNION were all reporting that Plaintiff had paid late, missed payments, and was charged off on an account for a credit card Plaintiff had not applied for from Merrick Bank.

9. On or about February 31, 2024, Plaintiff filed an FTC Identity Theft Affidavit report and submitted it to Merrick Bank in an effort to cause it to delete the false information. She also sent dispute letters to Experian, and TRANS UNION disputing responsibility for the credit card and associated information as well as provided them with a copy of her FTC Identity Theft Affidavit.

10. As of the date of filing, Plaintiff has not received a response from Equifax, TransUnion, Experian, or Merrick Bank.

11. On or about March 8, 2024, Plaintiff received a credit report that was still reporting the Merrick Bank Credit Card, which also did not state that she disputed the debt.

12. Despite being aware that Plaintiff was represented by an attorney, on or about March 6, 2024, Merrick Bank directly contacted Plaintiff, stating: "We have completed our investigation of your claim that the above referenced account was opened fraudulently. After reviewing our records and the account history, we have determined that the account was legitimately opened in your name. You

are responsible for repayment of any amounts owed, and the account will continue to be reported to the major consumer reporting agencies (CRAs)."

13. Defendants, and each of them, willfully violated the provisions of the Fair Credit Reporting Act in at least the following respects:

a. By willfully and negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;
b. By willfully and negligently failing to delete information about the Plaintiff which defendants knew, or should have known, was incomplete and/or inaccurate;
c. By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation;
d. By willfully and negligently failing to conduct an adequate investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the defendants;
e. By willfully and negligently failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof;
f. By willfully and negligently changing account numbers and account number designations so as to make reinvestigation and deletion more difficult for the consumer, but in turn more lucrative for bureaus and furnishers because derogatory account information will remain on credit reports longer;
g. By willfully and negligently failing to place a fraud alert on Plaintiff's credit files, as required by 15 U.S.C, Section 1681c-1;

h. By willfully and negligently failing to put a block on the identity theft account or accounts, as required by 15 U.S.C. Section 1681s-2; and,

i. By willfully and negligently failing to provide such information to the credit bureaus indicating the full nature, reasons, and extent of Plaintiff's dispute, and thus causing the credit report to the credit bureaus to be inaccurate and incomplete.

14. As a proximate result of the actions of the Defendants, and each of them, Plaintiff has been damaged in an amount which will be proven at the time of trial. As provided under the cited law, Plaintiff is entitled to actual damages, pain and suffering, punitive damages, penalties, costs, and attorney fees.

15. Plaintiff is a senior citizen and also disabled, thus entitled to treble damages pursuant to Cal. Civ. Code § 3345 for any unfair or deceptive acts or practices committed against her. This entitlement reflects the recognition by the California legislature of the need for increased protection and the provision of a deterrent against exploitation and discrimination of vulnerable individuals, including seniors and those with disabilities.

## SECOND CAUSE OF ACTION

**[VIOLATION OF THE CALIFORNIA FAIR CREDIT REPORTING ACT Cal. Civ Code § 1785.1 et. seq. AGAINST MERRICK AND DOES 1-10 INCLUSIVE**

16. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though set forth in full in this cause of action.

17. Plaintiff is a consumer as defined by the California Civil Code Section 1785.3(c). Defendant Merrick Bank is an information furnisher as that term is defined under California Civil Code Section 1785.25.

18. On or about October 1, 2023, Plaintiff discovered inaccuracies in credit reports from credit reporting agencies, including late payments, missed payments, and a charged-off account for a credit card from Merrick Bank which Plaintiff had not applied for.

19. On or about February 31, 2024, Plaintiff filed an FTC Identity Theft Affidavit and submitted it to Merrick Bank in an effort to have the false information deleted. Plaintiff also sent dispute letters to the major credit reporting agencies disputing responsibility for the credit card and the associated incorrect information, in accordance with California Civil Code Section 1785.16.

20. Despite Plaintiff's disputes and submission of an identity theft affidavit, as of the date of filing, Plaintiff has not received a satisfactory response or correction of the inaccuracies from Merrick Bank.

21. On or about March 6, 2024, Merrick Bank responded to Plaintiff with the following statement: "We have completed our investigation of your claim that the above-referenced account was opened fraudulently. After reviewing our records and the account history, we have determined that the account was legitimately opened in your name. You are responsible for repayment of any

amounts owed, and the account will continue to be reported to the major consumer reporting agencies."

22. Defendants, including Merrick Bank and DOES 1-10, have willfully violated the provisions of the CCRAA in at least the following respects:

   a. By failing to follow reasonable procedures to assure maximum possible accuracy of the information furnished, contrary to California Civil Code Section 1785.25(a).

   b. By failing to delete information which was found to be incomplete, inaccurate, or cannot be verified, as mandated by California Civil Code Section 1785.25(c).

   c. By failing to conduct an adequate and thorough investigation of Plaintiff's complaint and dispute concerning the fraudulent account, in violation of California Civil Code Sections 1785.25(d) and 1785.26.

   d. By failing to provide a written notice of the investigation results to the consumer, in violation of California Civil Code Section 1785.16(d).

   e. By reporting disputed information to credit reporting agencies without also reporting that such information is disputed by the consumer, in violation of California Civil Code Section 1785.25(f).

8. As a direct and proximate result of Merrick Bank and DOES 1-10's actions, Plaintiff has suffered embarrassment, humiliation, emotional distress, and financial damage, in an amount to be proven at the time of trial.

23. Given Plaintiff's status as a senior citizen and disabled individual, Plaintiff is entitled to treble damages pursuant to California Civil Code Section 3345 for any unfair or deceptive acts or practices committed against her by Merrick Bank and DOES 1-10.

## THIRD CAUSE OF ACTION

**VIOLATION OF CALIFORNIA IDENTITY THEFT LAW, CIV. CODE § 1798.92 et seq., AGAINST MERRICK BANK AND DOES 1-10, INCLUSIVE.**

24. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

25. Despite Plaintiff's prompt notification to Merrick Bank of the identity theft situation, supported by a FTC Identity Theft Affidavit, Merrick Bank continued with debt collection activities. In a letter dated March 6, 2024, Merrick Bank stated: "You are responsible for repayment of any amounts owed and the account will continue to report to the major consumer reporting agencies" (CRAs). This statement not only represents a direct debt collection activity but also continues credit reporting activity, clearly disregarding the Plaintiff's notification and documentation of identity theft. Such conduct willfully violates the California Identity Theft Law, Civ. Code Section 1798.92 et seq.

26. Plaintiff's damages resulting from Merrick Bank's willful noncompliance include but are not limited to emotional distress, embarrassment, humiliation, increased borrowing costs, decreased access to credit, and further financial and emotional pain and suffering.

27. Furthermore, by continuing to engage in collection efforts and reinforcing the debt obligation through their communication, Merrick Bank and DOES 1-10, Inclusive, have committed specific violations under Civ. Code Section 1798.93(c)(6), entitling the Plaintiff to a penalty of $30,000.00. Additionally, in light of Plaintiff's status as a senior citizen and as an individual with disabilities, she is entitled to treble damages in accordance with Cal. Civ. Code § 3345 for these grave transgressions.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT CAL. CIV CODE § 1788. ET. SEQ. AGAINST MERRICK BANK AND DOES 1-10 INCLUSIVE

28. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

29. In continuing debt collection and credit-reporting activities after the point where Plaintiff notified defendants of the identity theft situation, and after she provided them with a police report of the identity theft, defendants MERRICK BANK and DOES 1-10, Inclusive, willfully and knowingly violated the California Rosenthal Act, and specifically violated Civ. Code Section 1788.18. Defendant MERRICK BANK also violated 15 U.S.C. Section 1692e(8), regarding false credit reporting, which section of the federal FDCPA is incorporated into the Rosenthal Act.

30. Plaintiff, as a senior citizen and disabled individual, is entitled to treble damages pursuant to Cal. Civ. Code § 3345, which enhances the statutory penalties when unfair or deceptive acts are committed against senior citizens or disabled persons. Plaintiff has suffered actual damages, including general, special, incidental, and consequential damages, and is also entitled to attorney's fees and costs under the Rosenthal Act. In addition, Plaintiff alleges that defendants MERRICK BANK and DOES 1-10, Inclusive, specifically violated Civ. Code Section 1788.18 and 15 USC Section 1692e(8), thereby entitling her to statutory penalties, in addition to any other damages which may be assessed.

## FOURTH CAUSE OF ACTION

## [VIOLATION OF CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT (CCRAA) CAL. CIV. CODE §1785.1 ET. SEQ

## AGAINST EXPERIAN, TRANSUNION, AND DOES 1-10, INCLUSIVE.]

31. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

32. Plaintiff asserts that Defendants TRANS UNION, EXPERIAN, and DOES 1-10, Inclusive, have violated Cal. Civ. Code § 1785.20(a) by failing to provide Plaintiff with a copy of her credit report promptly and without proper identification, which is a separate and distinct obligation from the investigation process previously described.

33. Defendants have further violated Cal. Civ. Code § 1785.25(b) by failing to notify each other of the dispute once it was filed, thereby perpetuating the circulation of inaccurate information amongst themselves, which continued to detrimentally affect Plaintiff's credit report.

34. Despite the prior disputes, Plaintiff has evidence that suggests Defendants continue to provide credit reports containing inaccurate information to third-parties without marking such information as disputed, in violation of Cal. Civ. Code § 1785.25(d).

35. Additionally, Defendants' actions constitute a violation of Cal. Civ. Code § 1785.30, which requires a credit reporting agency to comply with the terms of this division and to use due diligence to comply with the requirements of law.

36. Plaintiff also alleges upon information and belief, including the entirety of the actions described herein, that Defendants have engaged in a pattern and practice of violating the CCRAA, thus justifying an injunction pursuant to Cal. Civ. Code § 1785.32 to ensure future compliance with the Act.

37. Plaintiff has suffered harm as a direct result of the Defendants' conduct, including but not limited to damage to her creditworthiness, emotional distress, and financial harm due to adverse credit decisions made by potential creditors who relied upon the inaccurate credit reports provided by Defendants.

38. Both Experian and TRANS UNION received Plaintiff's dispute letters, which gave notice of identity theft. Plaintiff also provided them with a copy of her FTC Identity Theft Affidavit. Nonetheless , they have failed to take the legally required actions to correct the inaccuracies reported, further contributing to Plaintiff's ongoing harm.

39. As a consequence of these additional violations, Plaintiff, being a senior citizen and also disabled, is entitled to enhanced remedies pursuant to Cal. Civ. Code § 3345.

**WHEREFORE, Plaintiff prays for judgment as follows:**

40. **Against Credit Bureaus (EXPERIAN and TRANS UNION):**

   - Actual Damages: Award Plaintiff actual damages for inaccuracies in her credit report in violation of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.) and the California Consumer Credit Reporting Agencies Act (Cal. Civ. Code § 1785.1 et seq.).

   - Statutory Damages: Award statutory damages against Experian and Trans Union for any willful noncompliance with the FCRA.

   - Attorney's Fees and Costs: Award Plaintiff her reasonable attorney's fees and costs as provided under the FCRA (15 U.S.C. § 1681n) and the CCRAA.

   - Injunctive Relief: Order Experian and Trans Union to make necessary corrections to Plaintiff's credit report to accurately reflect her credit history and to refrain from reporting the disputed account information.

41. **Against Merrick Bank:**

   - Actual Damages: Award Plaintiff actual damages for violations of the Fair Credit Reporting Act related to Merrick Bank's failure to investigate and correct disputed information.

Complaint

12

- Punitive Damages: If the Court finds Merrick Bank's actions were willful or malicious in failing to properly investigate Plaintiff's dispute or in continuing to report inaccurate information, award punitive damages as permitted under California law (Cal. Civ. Code § 3294) and under the FCRA for willful noncompliance.

- Attorney's Fees and Costs: Award Plaintiff her reasonable attorney's fees and costs as allowed under the FCRA.

- Specific Statutory Penalties: Award statutory penalties against Merrick Bank for any applicable violations of the California Identity Theft Law (Civ. Code § 1798.92 et seq.), especially if Merrick Bank's actions are found to have willfully violated Plaintiff's rights as an identity theft victim.

42. . **Declaratory and Injunctive Relief for All Defendants**:

- Declaratory Relief: Declare that the practices of Experian, Trans Union, and Merrick Bank violated the FCRA and CCRAA regarding Plaintiff's credit information and that Merrick Bank must remove all inaccuracies it reported concerning the Plaintiff's credit account from Plaintiff's credit file and cease reporting the disputed information to any credit reporting agency.

- **Enhanced Damages**: Pursuant to California Civil Code Section 3345, award enhanced damages due to Plaintiff's status as a senior citizen and disabled individual for any unfair or deceptive acts or practices.

43. **General Relief:**

- Such Other and Further Relief as the Court deems just and proper in the circumstances.

**PLAINTIFF DEMANDS A JURY TRIAL.**

Respectfully submitted this 20th day of March, 2024.

By: _____
Judith K. Robenzadeh, Esq.
Robenzadeh Law P.C.
Attorney for Plaintiff,